IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

**GREENPOINT AG HOLDINGS, LLC**                                    PLAINTIFF

vs.                              CASE NO. _____

**STEPHEN F. MCKASKLE;**
**M.E.G. FARMS, LLC; and**
**MCKASKLE FARMS**                                                 DEFENDANTS

## COMPLAINT

COMES NOW, GreenPoint AG Holdings, LLC ("**GreenPoint**"), by and through its attorneys, Lax, Vaughan, Fortson, Rowe & Threet, P.A., and for its complaint against the defendants Stephen F. McKaskle ("**McKaskle**"), M.E.G. Farms, LLC, and McKaskle Farms (collectively, the "**Defendants**"), states as follows:

## JURISDICTION

1.  GreenPoint is a Delaware limited liability company with its principal place of business in Decatur, Alabama. GreenPoint is authorized to transact business in the State of Missouri. At the time of filing of this civil action, Greenpoint's members were Alabama Farmers Cooperative, Inc., an Alabama agricultural cooperative association having its principal place of business in Decatur, Alabama; Tennessee Farmers Cooperative, a Tennessee cooperative having its principal place of business in La Vergne, Tennessee; Winfield Solutions, LLC d/b/a Winfield United, a Delaware limited liability company having its principal place of business in Shoreview, Minnesota ("**Winfield**"); Tipton Farmers Cooperative, a Tennessee cooperative having its

principal place of business in Covington, Tennessee; Farmers Incorporated, a Mississippi corporation having its principal place of business in Greenville, Mississippi; and Tri County Farmers Association, an Arkansas agricultural cooperative association having its principal place of business in Brinkley, Arkansas.

2. Winfield's sole member is Land O'Lakes, Inc. Land O'Lakes, Inc. was incorporated in the state of Minnesota on July 8, 1921 as a cooperative corporation under the name Minnesota Co-Operative Creamery Association, Inc. Land O'Lakes, Inc. has its principal place of business in Arden Hills, Minnesota.

3. Tennessee Farmers Cooperative was incorporated in the state of Tennessee on September 27, 1945 as a non-profit cooperative marketing association with capital stock, pursuant to the Cooperative Marketing Law of Tennessee. Tipton Farmers Cooperative was incorporated in the state of Tennessee on April 6, 1935 as a non-profit cooperative marketing association with capital stock, pursuant to the Tennessee Cooperative Marketing Act of 1923. Alabama Farmers Cooperative, Inc., was organized as the Tennessee Valley Fertilizer Cooperative in 1936 and is presently incorporated in Alabama as an agricultural cooperative association with capital stock. Tri County Farmers Association was incorporated in the state of Arkansas on March 12, 1956 as a domestic agricultural cooperative association under Act of Arkansas 153 of 1939.

4. For purposes of diversity of citizenship, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. §1332(c)(1). If a cooperative is incorporated under the laws of a particular state, that cooperative is a corporation for purposes of diversity of citizenship based solely on the fact that it was incorporated under state law. *Tewari De-Ox Systems, Inc. v.*

*Mountain States/Rosen, LLC*, 757 F.3d 481, 483-84 (5th Cir. 2014); *Kuntz v. Kamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004).

5.      Upon information and belief, separate defendant Stephen F. McKaskle is an individual residing in Pemiscot County, Missouri.

6.      Upon information and belief, separate defendant M.E.G Farms, LLC is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Pemiscot County, Missouri. Upon information and belief, the only members of M.E.G. Farms, LLC are McKaskle and his wife, Kaye McKaskle, who also resides in Pemiscot County, Missouri.

7.      Upon information and belief, McKaskle Farms is an assumed name of McKaskle, M.E.G. Farms, LLC, and McKaskle Family Farms, LLC, a Missouri limited liability company, under which all conduct business.

8.      At all times relevant to the transactions described in this complaint, McKaskle conducted his farming operations as M.E.G Farms, LLC and McKaskle Farms (hereinafter collectively referred to as "**Farms**").

9.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

11.     On or about July 13, 2016, McKaskle applied for a commercial credit account with GreenPoint. A copy of the signed Customer Credit Application and Agreement is attached as **Exhibit 1** and incorporated herein by reference. GreenPoint subsequently approved the application and agreed to extend credit to McKaskle and Farms, pursuant to the terms contained in the Customer Credit Application and Agreement.

12.     Beginning with the 2016 growing season, McKaskle and Farms purchased agricultural inputs for several growing seasons on credit from GreenPoint pursuant to the terms of the Customer Credit Application and Agreement.

13.     During the 2021 growing season, McKaskle and Farms again purchased agricultural inputs on credit from GreenPoint pursuant to the terms of the Customer Credit Application and Agreement. Payment for all credit purchases by McKaskle and Farms during the 2021 growing season was due on or before July 31, 2021. However, payment was not made when due and the Defendants defaulted under the terms of the Customer Credit Application and Agreement.

14.     After defaulting on their open account with GreenPoint, the Defendants executed and delivered to GreenPoint a Promissory Note on March 15, 2022 (the "**Note**"). A copy of the Note is attached hereto as **Exhibit 2** and incorporated herein by reference. The Note memorialized the outstanding balance then due on the Defendants' open credit account in the total amount of $412,657.45 and provided for payment thereof via consecutive monthly installments of $10,000.00 until maturity on February 15, 2026.

15. Although the Defendants made the monthly installment payments for several months as required by the terms of the Note, the Defendants subsequently defaulted on their monthly payments, and GPAH gave notice of acceleration of the balance due under the Note.

16. After Defendants' default on the Note and the acceleration of the balance due, GreenPoint and the Defendants entered into a Forbearance Agreement on October 1, 2023. A copy of the Forbearance Agreement is attached hereto as **Exhibit 3** and incorporated herein by reference. In accordance with the Forbearance Agreement, the Defendants affirmed and agreed that they had defaulted under the Note and that GreenPoint had accelerated the balance due thereunder. The Defendants also agreed that there remained an outstanding balance on the Note in the amount of $309,852.37, comprised of principal of $236,216.63, prior finance charges of $41,440.82, which accrued on the principal balance of the account through the date of the Note on March 15, 2022, and accrued interest on the Note of $32,194.92 through May 15, 2023, together with interest accruing on the Note after May 15, 2023 at the rate of nine percent (9%) per annum. The Defendants further agreed to pay the outstanding indebtedness in full by December 31, 2023.

17. In accordance with the Forbearance Agreement, the Defendants also executed and delivered to GreenPoint a Stipulation for Entry of Judgment, to be filed if they failed to pay the balance due GreenPoint by December 31, 2023, to expedite the entry of a final judgment against the Defendants. A copy of the Stipulation for Entry of Judgment is attached hereto as **Exhibit 4** and incorporated herein by reference.

18. In the Stipulation for Entry of Judgment, the Defendants stipulated to the entry of a judgment against them, jointly and severally, in the total amount of $309,852.37, plus additional interest accruing on the principal amount thereof after May 15, 2023, at the rate of nine percent (9%) per year, less payments made to Greenpoint in reduction of such indebtedness pursuant to

the terms of the Forbearance Agreement. In consideration for the stipulation, Greenpoint agreed to forebear from commencing a civil action against the Defendants and filing the stipulation for entry of a judgment until the earlier of December 31, 2023, or until an Event of Default occurred under the Forbearance Agreement.

19.  By its terms, the Note remains in default, and the Defendants failed to pay the outstanding indebtedness thereof by December 31, 2023, as required in the Forbearance Agreement. The Defendants therefore also defaulted under the terms of the Forbearance Agreement. Moreover, after October 1, 2023, the effective date of the Forbearance Agreement, the Defendants made no additional payments in reduction of the amounts the Defendants agreed in the Forbearance Agreement that they owed Greenpoint. GreenPoint made demand upon the Defendants for payment of the balance due. However, despite demand, the Defendants have failed and refused to pay GreenPoint.

20.  There currently remains an outstanding balance on the Note of $325,929.37, comprised of principal in the amount of $236,216.63, prior finance charges accrued on the principal balance of the account through March 15, 2022 of $41,440.82, and accrued interest on the principal balance of the Note of $48,271.92 from March 15, 2022 through February 15, 2024. Interest will continue to accrue on the principal amount of the Note after February 15, 2024 at the rate of nine percent (9%) per annum ($58.25 per day) until paid pursuant to the terms of the Note.

## COUNT I

### (Breach of Contract – Promissory Note)

21.  GreenPoint restates and re-alleges the allegations in paragraphs 1 through 20 above.

22.  Pursuant to the terms of the Note and Forbearance Agreement, the Defendants are liable to GreenPoint, jointly and severally, in the total amount of $325,929.37, together with

additional pre-judgment interest accruing on the principal balance of the Note at the rate of nine percent (9%) per annum ($58.25 per day) from and after February 15, 2024. The failure and refusal to pay the indebtedness and to honor the terms of the Note and Forbearance Agreement constitutes a breach of contract by the Defendants.

23.     Helena is entitled to judgment against the Defendants, jointly and severally, in the total amount of $325,929.37, together with additional interest accruing on the principal amount thereof from February 15, 2024 at the rate of nine percent (9%) per annum ($58.25 per day); its costs pursuant to Fed. R. Civ. P. 54; attorneys' fees pursuant to the Promissory Note, Forbearance Agreement, and applicable Missouri law; and post-judgment interest on all said amounts at the highest rate allowed by law until paid.

WHEREFORE, GreenPoint AG Holdings, LLC prays for judgment against defendants Stephen F. McKaskle, M.E.G. Farms, LLC, and McKaskle Farms, jointly and severally, in the total amount of $325,929.37, together with additional pre-judgment interest on the principal amount thereof at the contract rate from February 15, 2024; its costs pursuant to Fed. R. Civ. P. 54; attorney's fees and expenses pursuant to the Note, Forbearance Agreement, and applicable Missouri law; post-judgment interest on all said amounts at the highest rate allowed by law; and for all other just and proper relief to which it is entitled.

Respectfully submitted,

_____
Roger D. Rowe
Bar No. 85140 (AR)
LAX, VAUGHAN, FORTSON,
   ROWE & THREET, P.A.
Cantrell West Building
11300 Cantrell Road, Suite 201
Little Rock, Arkansas 72212
(501) 376-6565 Office
(501) 376-6666 Fax
rrowe@laxvaughan.com

*Attorney for GreenPoint AG Holdings, LLC*

8