UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **GREENPOINT AG HOLDINGS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:24-cv-32-SNLJ |
| ) | |
| **MCKASKLE FARMS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Plaintiff GreenPoint Ag Holdings, LLC filed this lawsuit against defendants Stephen F. McKaskle ("McKaskle"), M.E.G. Farms, LLC, and McKaskle Farms (collectively, the "Defendants"), for the unpaid balance of principal and interest due under a promissory note dated March 15, 2022, payable to GreenPoint in the original principal amount of $412,657.45 (the "Promissory Note"). Plaintiff moved for summary judgment on December 18, 2024 [Doc. 22]. Defendants did not respond in the usual 21-day period allowed by the Local Rules for a response in opposition to a motion for summary judgment. Plaintiff filed a "supplement" to its motion advising the Court that defendants had not responded or otherwise opposed the motion for summary judgment and demanded "immediate entry" of an order of summary judgment on January 20, 2025.

Given that a referral for alternative dispute resolution was to be entered March 3, this Court awaited some response by defendants or compliance with the Court's orders regarding alternative dispute resolution. The designation of the parties' agreed-upon neutral was due on March 17. Seeing nothing from the parties on this, this Court granted

the motion for summary judgment on March 20, 2025 and ordered plaintiff to submit a proposed judgment within 14 days.

      Defendants immediately filed a motion for reconsideration [Doc. 28]. Defendants state that the Case Management Order states that their response to any motion for summary judgment was due on April 2. Indeed, the CMO states as follows:

> Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than March 3, 2025. Opposition briefs shall be filed no later than April 2, 2025, and any reply brief may be filed no later than April 16, 2025.

[Doc. 21 at 2.] Thus, it appears plaintiff filed its motion for summary judgment four months earlier than defendants expected. Defendants understood they had not the 21 days to respond provided by the local rules, and not the 30 days to respond provided in the CMO, but nearly four months to respond to the motion for summary judgment as allowed by the "no later than April 2, 2025" deadline provided in the CMO.

      This misunderstanding might have easily been prevented if defendants had called plaintiff to inquire about plaintiff's supplemental memorandum [Doc. 25] demanding immediate entry of summary judgment. It is particularly surprising that the parties did not discuss this misunderstanding, as they apparently are presently engaged in completing ADR despite failing to file their designation of neutral by the March 17 deadline. Defendants advise that they selected a neutral in "early March" and that they will begin mediation April 14. The parties' failure to submit their designation of neutral for ADR by the March 17 deadline compounded the parties' miscommunications with the Court.

2

Notably, the parties have still not complied with the "designation of neutral/conference report" deadline set forth in the March 3 order [Doc. 26].

This Court will withdraw its memorandum and order granting summary judgment; however, the parties are advised to closely monitor deadlines and communicate effectively with each other and the Court to avoid future confusion.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for reconsideration [Doc. 28] is GRANTED.

**IT IS FURTHER ORDERED** that the memorandum and order dated March 20, 2025 is WITHDRAWN so that defendants may file a response in opposition to plaintiff's motion for summary judgment by April 2, 2025.

Dated this  21st  day of March, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE